IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Evette Jones, | ) | C/A No.: 4:09-205-TLW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Michael J. Astrue, Commissioner | ) | |
| of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

On November 2, 2009, the plaintiff filed a motion for attorney's fees pursuant to the Equal

Access to Justice Act ("EAJA"), 42 U.S.C. § 2412, on the basis that the position taken by the defendant

in this action was not substantially justified.  Defendant filed a response in opposition on November

18, 2009, indicating that he objects to plaintiff's request for an award of attorney's fees under the EAJA

because plaintiff seeks to recover attorney's fees for 7.7 hours of work performed by Charles L. Martin

and 24.5 hours of work performed by Jane Muller-Peterson.  Defendant indicates that Mr. Martin and

Ms. Muller-Peterson are not licensed to practice in South Carolina (Mr. Martin is licensed to practice

in Georgia and Ms. Muller-Peterson is admitted to practice in Wisconsin and Pennsylvania).  The

defendant indicates that neither Mr. Martin nor Ms. Muller-Peterson have filed an application for

admission to the Court *pro hac vice* in this case, in disregard of the District of South Carolina Local

Civil Rule 83.I.0, which requires out of state, non-resident attorneys to be admitted *pro hac vice* and

associate with local counsel.  Defendant notes that he does not object to plaintiff's request that she be

permitted to file a petition for fees under the Social Security Act within 60 days of being served with

a notice of award of past due benefits.  However, defendant does ask that the Court decline to award

EAJA fees for work performed by Mr. Martin and Ms. Muller-Peterson in this case and to award EAJA fees only for Mr. McChesney's work in the amount of $ 823.08 (4.75 hours and $ 173.28 per hour). Finally, defendant notes that such an award should be payable to plaintiff, not plaintiff's attorney. Plaintiff filed a reply on November 30, 2009.

Under the EAJA, a court shall award attorney's fees to a prevailing party in certain civil actions against the United States unless it finds that the government's position was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The district courts have discretion to determine a reasonable fee award and whether that award should be made in excess of the statutory cap. Pierce v. Underwood, 487 U.S. 552 (1988); May v. Sullivan, 936 F.2d 176, 177 (4th Cir. 1991).

Based on the foregoing and after considering the briefs and materials submitted by the parties, the Court overrules the defendant's response opposing the plaintiff's motion for attorney's fees. In reaching its decision, the Court notes that it has carefully considered the defendant's arguments regarding Mr. Martin and Ms. Muller-Peterson not being licensed to practice in South Carolina, and not having filed an application for admission to the Court *pro hac vice* in this case. The Court has also reviewed and carefully considered its previous decision in a case involving Mr. Martin, as well as the opinions of other judges who have likewise addressed this specific issue. *See Tadlock v. Comm'r of Soc. Sec.*, No. 8:06-3610-RBH (D.S.C. April 9, 2009), *Thompson v. Comm'r of Soc. Sec.*, No. 0:07-1424-RBH (D.S.C. May 12, 2009)*, Freeman v. Astrue*, No. 0:06-02255-TLW-BM (D.S.C. July 24, 2008), *Pace v. Astrue*, No. 9:07-00546-SB (D.S.C. May 9, 2008), *Mortensen v. v. Comm'r of Soc. Sec.,* No. 8:07-547-JFA (D.S.C. July 29, 2009), *Clowney  v. Comm'r of Soc. Sec.*, 8:07-856-CMC (D.S.C. Sept. 15, 2008), and *Priestley v. Astrue,* No. 6:08-546-GRA (D.S.C. November 24, 2009). The Court will grant the requested attorney's fees in this case at this time. However, the Court has determined that

in future cases before this Court, the plaintiff's South Carolina counsel should petition the Court for admission *pro hac vice* for any and all out-of-state counsel for whom he intends to petition for attorney's fees.

Based on the foregoing, the Court concludes that plaintiff is entitled to attorney's fees under EAJA in the amount of $6,402.70.  However, plaintiff's request for additional attorney's fees for preparation of the Reply brief is Denied.  Pursuant to <u>Stephens v. Astrue</u>, 565 F.3d 131 (4th Cir. 2009) (concluding that the plain language of the EAJA provides that attorney's fees are payable to the prevailing party and not the attorney), the EAJA attorney's fee payment should be paid to the plaintiff as the "prevailing party" rather than the attorney. Plaintiff shall have the time provided in Local Civil Rule 83.VII.07 (A) to file a petition for attorney fees to be paid out of any past accrued benefits.

**IT IS SO ORDERED**.

s/ Terry L. Wooten

January 6, 2010
Florence, South Carolina

Terry L. Wooten
United States District Judge